UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 01-cr-40017-JPG |
| JAMES D. LESURE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant James Lesure's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 375) pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  The Court appointed counsel for Lesure, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Lesure's request.  Doc. 492; *Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court, Doc. 493, Lesure did not respond to defense counsel's motion.  The Government, however, did file a Response (Doc. 494) that agrees with the basic assertions and relief sought by defense counsel.

On October 11, 2001, Lesure pled guilty to one count (Count I) of conspiracy to possess with intent to distribute cocaine base and four counts (Counts II-V) of possession with intent to distribute cocaine base.  At sentencing, the Court found that Lesure was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced an offense level of 37.  By entering into a plea agreement with the Government, Lesure reduced this offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility, leaving him with a total offense level of 34.   Considering Lesure's criminal history category of VI, established by

his career offender status under U.S.S.G. § 4B1.1 for prior drug or violent felony convictions, a sentencing range of 262 to 327 months imprisonment was yielded for Count I. Meanwhile, a statutory maximum of 20 years imprisonment existed for Counts II-V. The Court ultimately imposed a low-end sentence of 262 months on Count I and the statutory maximum of 240 months on Counts II-V to run concurrently. Lesure now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Lesure cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2). Amendments 706 and 711 amended

U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Lesure, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Lesure cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw and "No Merits" Statement (Doc. 492) and **DISMISSES** Lesure's *pro se* Motion for Retroactive Application of the Sentencing Guidelines to His Crack Cocaine Offense (Doc. 375).  Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to James Lesure, Reg. No. 09975-041, FCI Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, Illinois 61555.

**IT IS SO ORDERED.**
**DATED: November 29, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**