# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES D. LESURE,<br><br>　　　　Defendant. | Case No. 4:01-cr-40017-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant James D. Lesure's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (Doc. 514). Counsel, who this Court appointed to represent the defendant, has moved to withdraw on the basis that she cannot make a non-frivolous argument in support of a request for reduction. (Doc. 592.) *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion. (Doc. 598.) The defendant has not responded, although he was given an opportunity to do so.

The defendant pled guilty to one count (Count I) of conspiracy to possess with intent to distribute cocaine base and four counts (Counts II–V) of possession with intent to distribute cocaine base. At sentencing, the Court found that Lesure was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced an offense level of 37. Lesure reduced this offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility by entering into a plea agreement with the Government, leaving him with a total offense level of 34. Considering Lesure's criminal history category of VI, established by his career

1

offender status under U.S.S.G. § 4B1.1 for prior drug or violent felony convictions, Count I yielded a sentencing range of 262 to 327 months imprisonment. Counts II–V yielded a statutory maximum of 20 years (240 months) imprisonment. The Court ultimately imposed the low-end sentence of 262 months on Count I and the statutory maximum of 240 months on Counts II–V to run concurrently.

The defendant filed a pro se motion asking this Court to apply the changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower certain base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015).

The Court cannot grant a reduction for the defendant because the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

2

The defendant was sentenced under the career offender guidelines. The Seventh Circuit has ruled that the 2011 crack cocaine retroactivity amendment and the 2014 drug amendment do not apply to sentences imposed pursuant to the career offender guidelines because the career offender base offense levels are set forth in U.S.S.G. § 4B1.1, not the base offense levels amended and set forth in U.S.S.G. § 2D1.1. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012) (reiterating that the crack cocaine retroactivity amendments provide "no benefit to career offenders"); *see also United States v. Hearn*, No. 3:06-CR-30040, 2016 WL 452130, at *5 (C.D. Ill. Feb. 5, 2016) (holding that the 2014 drug amendment does not apply to career offenders); *United States v. Daniels*, No. 08-CR-30185-NJR, 2015 WL 1228904, at *2 (S.D. Ill. Mar. 16, 2015).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of the amendments and therefore **DENIES** his motion for retroactive application of the sentencing guidelines to crack cocaine offenses (Doc. 514). *See Taylor*, 778 F.3d at 672. The Court **GRANTS** counsel's motion to withdraw (Doc. 592) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant James D. Lesure, Reg. No. 09975-041, FCI Seagoville, P.O. Box 9000, Seagoville, TX 75159.

**IT IS SO ORDERED.**
**DATED: August 28, 2017**

                                            *s/ J. Phil Gilbert*
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**